Dear Mayor Boudreaux:
This office is in receipt of your request for an opinion of the Attorney General regarding a policy recently adopted by your board of alderman. You advise in your letter that on January 09, 2006 the Church Point's Board of Alderman adopted a policy which stated that when any vehicle owned by the town assigned to any town department leaves the town limits, the operator of the vehicle must submit a trip report including the odometer reading and the purpose for the said trip. You further advise that all departments have been in full compliance except for the police department. You question whether the policy may be enforced against the town's chief of police and his personnel.
As you advised in a recent telephone conversation, the town's chief of police is an elected position. An elected chief of police has, pursuant to La. R.S. 33:423, the inherent power and authority to supervise and control his office, equipment and personnel on a day to day basis. Cogswell v. Town of Loganport,321 So. 2d 774 (La.App. 1975.
Our office has repeatedly observed that a chief of police has the inherent power or authority to supervise and direct the administration and day to day operation of the police department. In Atty. Gen. Op. No. 02-39 our office held that, because of an elected chief of police's inherent power to supervise and direct the administration and day-to-day operations of the police department, a mayor cannot require police officers to make copies of citations they write and have them turned into the town clerk before the chief of police has seen them.
However, while a mayor and board of alderman may not directly order the chief of police's personnel to provide the requested information, our office has previously held that a mayor may require a chief of police to make written reports to a board of alderman on any matter pertaining to his office. In Atty. Gen. Op. *Page 2 
No. 96-292, the question was asked whether an elected chief of police was required to keep a log of odometer readings and give the council the destination and the purpose of such trips. That opinion held that the mayor may require a municipal officer to make written reports to the board of alderman on any matter pertaining to his office. That opinion cited La. R.S. 33:404, which provides that a mayor may require a municipal officer to exhibit his accounts or other papers and to make reports to the board of alderman, in writing, on any matter pertaining to his office.
It is therefore our opinion that while the mayor and board of alderman may not directly require the elected chief of police's personnel to submit trip reports and odometer readings, the chief of police may be required to submit such reports in accordance with the provisions of La. R.S. 33:404. Should your have any further questions please do not hesitate to contact this office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: _____________________
 CHARLES H. BRAUD, JR.
 Assistant Attorney General